# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARO CLAUDIO GARCIA ALARCON,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX, et al.,<br>Respondents. | Case No. 1:26-cv-05628-KES-EPG-HC<br>FINDINGS AND RECOMMENDATION TO DENY RESPONDENTS' MOTION TO DISMISS, GRANT PETITION FOR WRIT OF HABEAS CORPUS IN PART, AND DENY PETITIONER'S MOTION FOR IMMEDIATE RELEASE<br>(ECF Nos. 1, 2 , 7) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends denying Respondents' motion to dismiss, granting the petition for writ of habeas corpus in part, and denying Petitioner's motion for immediate release.

## I.

## BACKGROUND

Petitioner is a citizen of Cuba who has admitted to the United States as a child of an alien resident. (ECF No. 7-1 at 1.[1]) Petitioner pleaded guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2), and on January 14, 2025, he was sentenced to time served (five months and fourteen days). (ECF No. 7-4.)

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

On June 25, 2026, the Department of Homeland Security ("DHS") issued a notice to appear, charging Petitioner as removable pursuant to section 237(a)(2)(A)(i) of the Immigration and Nationality Act. (ECF No. 7-1.) That same day, an administrative warrant for arrest was issued and served on Petitioner. (ECF No. 7-2.)

On July 20, 2026, Petitioner filed a petition for writ of habeas corpus challenging his immigration detention. (ECF No. 1.) On August 10, 2026, Respondents filed a motion to dismiss. (ECF No. 7.) On August 13, 2026, Petitioner filed an opposition to the motion to dismiss. (ECF No. 8.) To date, no reply in support of the motion to dismiss has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings": 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). Here, Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(C), which provides that the "Attorney General shall take into custody any alien who… is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year[.]" 8 U.S.C. § 1226(c)(1)(C). Section 1226(c) "specif[ies] that the Attorney General 'may release' one of those aliens '*only if* the Attorney General decides' both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk." Jennings v. Rodriguez, 583 U.S. 281, 303 (2018) (emphasis in original).

Respondents argue that Petitioner's conviction for conspiracy to commit access device fraud, a violation of 18 U.S.C. § 1029(b)(2), is a crime of moral turpitude justifying mandatory

detention under § 1226(c)(1)(C). (ECF No. 7 at 1–2.) However, as set forth above, § 1226(c)(1)(C) provides that the "Attorney General shall take into custody any alien who… is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense *for which the alien has been sentence[d] to a term of imprisonment of at least 1 year*[.]" 8 U.S.C. § 1226(c)(1)(C) (emphasis added). Here, however, Petitioner was sentenced to time served (five months and fourteen days). (ECF No. 7-4 at 2.) Accordingly, the undersigned recommends finding that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(C).

Petitioner requests the Court to "[o]rder Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge within a reasonable time, at which the Government bears the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk[.]" (ECF No. 1 at 3.) In cases where this Court has ordered a bond hearing at which the government bears the clear and convincing evidence burden, it is due to the petitioner's prior release from immigration custody and subsequent re-detention. "[T]he immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk. Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." J.E.H.G. v. Chestnut, No. 1:25-cv-01673-JLT SKO, 2025 WL 3523108, at *14 (E.D. Cal. Dec. 9, 2025). Here, however, Petitioner was never previously released from immigration custody. "Section 1226(a) sets out the default rule[,]" Jennings v. Rodriguez, 583 U.S. 281, 288 (2018), and at a bond hearing pursuant to 8 U.S.C. § 1226(a) "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge ... that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" Hernandez v. Sessions, 872 F.3d 976, 982 (9th Cir. 2017) (quoting In re Guerra, 24 I. & N. Dec. 37, 38 (BIA 2006)).

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondents' motion to dismiss (ECF No. 7) be DENIED;

2. The petition for writ of habeas corpus (ECF No. 1) be GRANTED in part;
3. Petitioner's motion for immediate release (ECF No. 2) be DENIED; and
4. Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 29, 2026** /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE